**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

JONATHAN GRANGER,                                                                              PETITIONER
ADC #104931

v.                                          5:11-cv-00320-BSM-JJV

RAY HOBBS, Director,
Arkansas Department of Correction                                                         RESPONDENT

**ORDER**

**I.     BACKGROUND**

On May 26, 1998, Mr. Granger entered unconditional guilty pleas on two counts of first degree murder and one count of felon in possession of a firearm, and was sentenced to 600 months imprisonment. (Doc. No. 6-1 at 30-31.) He did not file a direct appeal following his plea or sentence, and he never filed a Rule 37 motion for post-conviction relief.

Seven years later, on June 9, 2005, Mr. Granger filed a state habeas petition (Doc. No. 6-1 at 1) pursuant to ARK. CODE ANN. § 16-112-101, which was dismissed for failure to state a claim and was affirmed on appeal. (Doc. No. 6-1 at 56.) On November 13, 2009, Mr. Granger filed another state habeas petition which the circuit court also dismissed for failure to state a claim. (Doc. No. 6-2.) Mr. Granger initiated the instant proceeding on December 19, 2011.

**II.    DISCUSSION**

Title 28 U.S.C. § 2244(d)(1) places a one-year statute of limitations period on the filing of petitions for writ of habeas corpus. This one-year period begins to run from the

latest of the following four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). In general, tolling of this limitations period can occur in one of two ways: (1) where the petitioner had pending a "properly filed application for post-conviction or other collateral review," 28 U.S.C. § 2244(d)(2); or (2) where the petitioner diligently "'pursu[ed] his rights . . . and . . . some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Fla.*, 130 S.Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, n.8 (2005). "To qualify as a 'properly filed' application for state post-conviction relief, . . . the application must be 'in compliance with the applicable law and rules governing filings.'" *McMullan v. Roper*, 599 F.3d 849, 853 (8th Cir. 2010).

### III. ANALYSIS

The instant Petition is untimely. The triggering date in this case was "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Pursuant to the Arkansas Rules of Criminal Procedure, criminal defendants who enter unconditional guilty pleas have no

right to a direct appeal. ARK. R. CRIM. P. 1(a).[1] Mr. Granger entered his unconditional guilty plea on May 26, 1998. (Doc. No. 6-1 at 27-39.) Given that he had no right to a direct appeal, the time for direct review expired the same day. Mr. Granger's one-year limitations period ran on May 26, 1999 – more than eleven years ago.

According to the record, equitable tolling or tolling pursuant to 28 U.S.C. § 2244(d)(2) is not appropriate in this case. Mr. Granger has not alleged facts sufficient to support a finding that he diligently pursued his rights regarding the claims in his Petition or that an extraordinary circumstance prevented timely filing. Additionally, Mr. Granger's previous state habeas petitions do not qualify as "properly filed applications for post-conviction or other collateral review" because they did not comply with Arkansas Rules of Civil Procedure and were dismissed pursuant to ARK. R. CIV. P. 12(b)(6).

IT IS, THEREFORE, ORDERED that:

1. Mr. Granger's § 2254 Petition (Doc. No. 2) is DISMISSED with prejudice and the requested relief is DENIED.

SO ORDERED this 8th day of February, 2012.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1]There are certain exceptions to this rule, however. For instance, despite an unconditional guilty plea, a defendant has the right to challenge on appeal "testimony or evidence which occurred during a sentencing trial before a jury" and a circuit court's denial of a "post-judgment motion to amend an incorrect or illegal sentence." *Bradford v. State*, 351 Ark. 394, 399, 94 S.W.3d 904, 907 (2003). Here, both of Mr. Granger's claims concern the legality of his sentence under certain Arkansas statutes, and they do not implicate either of the exceptions listed above.